**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AMGUARD INSURANCE COMPANY,
a Pennsylvania corporation,                                             Case No.:

              Plaintiff,

v.

BUDDY'S TOWING, L.C. aka Don Edward Taylor
dba Buddy's Towing Buddy's Towing, LLC,
a Florida limited liability corporation;
GYORGY LABORC, an individual;
MICHAEL FINNERAN, an individual;
LORRAINE MCFEATERS, an individual;
RUKIJE HODZIC, an individual;
CORA BRADLEY, an individual;
MATTHEW WEIL, an individual;
CHELSIE ZABLO, an individual;
MICHAEL KILIONSKI, an individual;
BETTY KILIONSKI, an individual; and
MALGORZATA PTAK, an individual,

              Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, AmGUARD Insurance Company   (hereinafter "AmGUARD"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, hereby files this Complaint for Declaratory Judgment against Defendants, Buddy's Towing, L.C. aka Don Edward Taylor DBA Buddy's Towing Buddy's Towing, LLC; Gyorgy Laborc; Michael Finneran; Lorraine McFeaters; Rukije Hodzic; Cora Bradley; Matthew Weil; Chelsie Zablo; Michael Kilionski; Betty Kilionski; and Malgorzata Ptak (collectively, "Defendants"), and states as follows:

1

## NATURE OF THE ACTION

1.     This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.  Defendants are parties to this action for declaratory judgment as their rights may be affected by the outcome of this action seeking a determination of AmGUARD's obligations, if any, to Defendant Buddy's Towing, L.C. aka Don Edward Taylor DBA Buddy's Towing Buddy's Towing, LLC ("Buddy's Towing"), under a Business Auto Policy, Policy Number K2GP007711 (the "Policy"), issued by AmGUARD to Defendant Buddy's Towing.  A true and correct copy of the Policy is attached hereto as **Exhibit "A."**  Defendants are joined solely as necessary parties to be bound by the judgment.

## JURISDICTION AND VENUE

2.     AmGUARD is a Pennsylvania corporation with its principal place of business in Wilkes-Barre, Pennsylvania, and a citizen of the state of Pennsylvania.

3.     Buddy's Towing a Florida limited liability corporation with its principal place of business in Daytona Beach, Volusia County, Florida, and a citizen of the state of Florida. At all times material hereto, Buddy's Towing operated, conducted, engaged in, and/or carried on a business or business venture in Florida.  The members of Buddy's Towing are Don Edward Taylor and Helen D. Taylor.  Upon information and belief, Don Edward Taylor and Helen D. Taylor are citizens of Florida, residents of Daytona Beach and are domiciled in Volusia County, Florida.

2

4.      Upon information and belief, Gyorgy Laborc is a citizen of Florida, a resident of Daytona Beach and is domiciled in Volusia County, Florida.

5.      Upon information and belief, Michael Finneran is a citizen of Florida, a resident of Port Orange and is domiciled in Volusia County, Florida.

6.      Upon information and belief, Lorraine McFeaters is a citizen of Florida, a resident of South Daytona and is domiciled in Volusia County, Florida.

7.      Upon information and belief, Rukije Hodzic is a citizen of Florida, a resident of Daytona Beach and domiciled in Volusia County, Florida.

8.      Upon information and belief, Cora Bradley is a citizen of Florida, a resident of Deland and domiciled in Volusia County, Florida.

9.      Upon information and belief, Matthew Weil is a citizen of Florida, a resident of Daytona Beach and domiciled in Volusia County, Florida.

10.      Upon information and belief, Chelsie Zablo is a citizen of Florida, a resident of Daytona Beach and domiciled in Volusia County, Florida.

11.      Upon information and belief, Michael Kilionski is a citizen of Florida, a resident of Orlando and is domiciled in Orange County, Florida.

12.      Upon information and belief, Betty Kilionski is a citizen of Florida, a resident of South Daytona and is domiciled in Volusia County, Florida.

13.      Upon information and belief, Malgorzata Ptak is a citizen of Florida, a resident of Port Orange and is domiciled in Volusia County, Florida.

14.      This action for declaratory judgment stems from a motor vehicle accident involving the Defendants, which occurred on September 22, 2020, in Volusia County, Florida.

3

15.     An actual controversy exists between the parties regarding the nature and extent of AmGUARD's obligations, if any, under the Policy issued to Buddy's Towing, and specifically, the Policy's MCS-90 Endorsement, in connection with the claims for damages arising out of the subject motor vehicle accident.

16.     This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between AmGUARD and the Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  Additionally, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because it is based upon a federal question, in that the Declaratory Judgment action requires a resolution of the operation and effect of the Policy's MCS-90 Endorsement.

17.     This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the Policy, as provided by 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because several of the Defendants reside in Volusia County, Florida. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim, specifically, the subject motor vehicle accident, occurred in Volusia County, Florida.

## BACKGROUND

19.     AmGUARD issued the Policy to Buddy's Towing, which provided coverage for covered losses occurring during the policy period of October 21, 2019 to October 21, 2020.

20.     The Policy included a schedule of Covered Autos, which included a 1995

4

International Service Truck, VIN # 1HTSLAAM4SH667829 (the "Service Truck"), owned by Defendant Buddy's Towing.

21.     On September 1, 2020, Defendant Buddy's Towing expressly requested to delete the Service Truck from the subject Policy, effective "now," and the Service Truck was deleted from the Policy, effective September 3, 2020.

22.     On September 22, 2020, David McClarion James, who was an employee of Buddy's Towing at that time, was operating the Service Truck in Volusia County, Florida. Upon information and belief, based on the subject Florida Traffic Crash Report, Mr. James was traveling on State Road 5A/South Nova Road approaching the intersection of State Road 400/Beville Road.  Mr. James suffered a heart attack while he was driving, leading to a nine-vehicle crash involving the Defendants.  Mr. James was transported to Halifax Hospital and pronounced deceased.

23.     After the subject accident, AmGUARD was notified of claims against its insured, Defendant Buddy's Towing, for bodily injuries and/or property damages that were allegedly incurred by Gyorgy Laborc; Michael Finneran; Lorraine McFeaters; Rukije Hodzic; Cora Bradley; Matthew Weil; Chelsie Zablo; Michael Kilionski; Betty Kilionski; and/or Malgorzata Ptak, in connection with the subject accident.

24.     AmGUARD appointed defense counsel to represent Buddy's Towing and is providing a defense under a reservation of rights.

25.     Although the Service Truck was deleted from the subject Policy, effective September 3, 2020, and thus, it was no longer a covered auto under the Policy on the date of the subject accident, the Policy includes an Endorsement for Motor Carrier Policies of

5

Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 (the

"MCS-90 Endorsement"), which provides, in part:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

> It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

6

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

26.     The statutory purpose behind the MCS-90 Endorsement is "to assure that injured members of the public are able to obtain judgment from negligent authorized interstate carriers." *Northland Ins. Co. v. Top Rank Trucking of Kissimmee, Inc.*, 611CV1126ORL22TBS, 2013 WL 12361936, at *4 (M.D. Fla. Jan. 29, 2013). Before an insurer is required to indemnify an insured for "public liability," the statute places three conditions on "the use of motor vehicles" that must be satisfied: (1) transportation of property; (2) by a motor carrier; (3) in interstate commerce. *Id.*, at *5 (M.D. Fla. Jan. 29, 2013).

## COUNT I - DECLARATORY JUDGMENT AGAINST DEFENDANTS

27.     AmGUARD repeats and restates the allegations set forth above in Paragraphs 1 through 26 of the Complaint.

28.     As it pertains to Mr. James's operation of the Service Truck at the time of the subject motor vehicle accident, no evidence available to AmGUARD exists to confirm that Mr. James was transporting any property in interstate commerce on behalf of Buddy's Towing as an authorized motor carrier.

29.     As such, this declaratory action requires the resolution of the operation and effect of the MCS-90 Endorsement.

30.     AmGUARD and Defendants, Buddy's Towing; Gyorgy Laborc; Michael Finneran; Lorraine McFeaters; Rukije Hodzic; Cora Bradley; Matthew Weil; Chelsie Zablo;

7

Michael Kilionski; Betty Kilionski; and Malgorzata Ptak, have a *bona fide* adverse interest and dispute, and an actual and present need for a declaration of the rights and responsibilities of the parties under the Policy, and specifically, the MCS-90 Endorsement.

31.     AmGUARD is entitled to a legal and equitable declaration of its rights under the Policy, and specifically, the MCS-90 Endorsement.

32.     All of the persons or entities having an actual, present and adverse interest are parties to this action for declaratory judgment.

**WHEREFORE**, Plaintiff, AmGUARD Insurance Company, respectfully requests that the Court grant it the following relief:

**(a)**     take jurisdiction over this matter;

**(b)**     enter an order finding that AmGUARD has no duty to provide a defense, indemnity or suretyship obligation under the Policy, including the Policy's MCS-90 Endorsement, to Defendant Buddy's Towing, in connection with the subject motor vehicle accident which occurred on September 22, 2020 and/or any related claims by Defendants Buddy's Towing; Gyorgy Laborc; Michael Finneran; Lorraine McFeaters; Rukije Hodzic; Cora Bradley; Matthew Weil; Chelsie Zablo; Michael Kilionski; Betty Kilionski; and Malgorzata Ptak;

**(c)**     otherwise adjudicate all of the rights and responsibilities between the parties pursuant to the Policy, including the Policy's MCS-90 Endorsement, including without limitation, a determination that AmGUARD has no duty to provide a defense, indemnity or suretyship obligation in connection with the subject motor vehicle accident which occurred on September 22, 2020 and/or any related claims by Defendants Buddy's Towing; Gyorgy

8

Laborc; Michael Finneran; Lorraine McFeaters; Rukije Hodzic; Cora Bradley; Matthew Weil;

Chelsie Zablo; Michael Kilionski; Betty Kilionski; and Malgorzata Ptak;

      **(d)**     award AmGUARD the taxable costs deemed appropriate as a result of the

prosecution of this action for declaratory relief; and

      **(e)**     award AmGUARD any other relief deemed just and proper.

      Respectfully submitted this 30th day of April, 2021.

> **_/s Robin Taylor Symons_**
> Robin Taylor Symons
> Florida Bar No. 356832
> rsymons@grsm.com
> Robert Malani
> Florida Bar No. 52304
> rmalani@grsm.com
> GORDON & REES SCULLY MANSUKHANI
> 100 SE Second Street, Suite 3900
> Miami, FL 33131
> Telephone:  305-428-5330
> *Counsel for Plaintiff*
> *AmGUARD Insurance Company*

9